UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-352-MOC
(3:14-cr-91-MOC-1)

| | |
|---|---|
| JERMAINE WHITAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 5). Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).

### I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to possession with intent to distribute heroin and two counts of possession of a firearm by a convicted felon. (Crim. Case No. 3:14-cr-91-MOC-1, Doc. No. 16, 25). The presentence investigation report ("PSR") scored the two firearm possession counts with a base offense level of 20 pursuant to United States Sentencing Guideline § 2K2.1(a)(4) because Petitioner committed the offenses subsequent to sustaining one felony conviction for a "crime of violence," *i.e.*, assault with a deadly weapon inflicting serious injury. (Id., Doc. No. 22 ¶¶ 28, 35, 55). Two levels were added because the offense involved six firearms, four levels were added because Petitioner was engaged in the trafficking of firearms, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. (Id. at ¶¶ 36, 37, 44-46). The PSR's criminal history section scored eleven points and a criminal history category of V. (Id. at ¶ 63). The resulting guideline range was 84 to 105 months' imprisonment,

between three years and life on supervised release, and fines between $10,000 and $1,000,000. (Id. at ¶ 107, 111, 117).

The Court sentenced Petitioner at the bottom of the advisory guideline range to 84 months' imprisonment for each count, concurrent, followed by three years of supervised release. (Id., Doc. No. 25).

On direct appeal, Petitioner challenged the Court's application of the four-level enhancement for firearms trafficking. The Fourth Circuit found no clear error and affirmed on December 23, 2015. United States v. Whitaker, 633 Fed. App. 104 (4th Cir. 2015).

Petitioner filed the instant § 2255 motion to vacate through counsel on June 15, 2016, arguing that the enhanced base offense level pursuant to Guidelines § 2K2.1(a)(4) is invalid because his prior North Carolina conviction for assault with a deadly weapon inflicting serious injury is not a "crime of violence" in light of Johnson.

The Court stayed this action on August 9, 2016, pending the United States Supreme Court's resolution of Beckles v. United States. (Doc. No. 3, 4). Beckles has now been resolved, 137 S.Ct. 886 (2017). The Government has filed a motion to dismiss the § 2255 motion to vacate based on Beckles, (Doc. No. 5), and Petitioner's counsel moved to withdraw from the representation, (Doc. No. 8). The Court granted counsel's motion to withdraw and issued an Order advising Petitioner of his ability to withdraw his § 2255 petition without prejudice, or respond to the Government's motion to dismiss by June 19, 2017. (Doc. No. 10). Petitioner has neither moved to withdraw the § 2255 motion to vacate nor responded to the Government's motion to dismiss.

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

2

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.   DISCUSSION

Petitioner argues that the enhanced base offense level pursuant to Guidelines § 2K2.1(a)(4) is invalid because his prior North Carolina conviction for assault with a deadly weapon inflicting serious injury is not a "crime of violence" in light of Johnson.

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S.Ct. at 894.

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory United States Sentencing Guidelines. Beckles, 137 S.Ct. at 894. Petitioner's reliance on Johnson misplaced and § 2255 relief is foreclosed by Beckles.

---

[1] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

3

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 motion to vacate and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**, and the Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 26, 2017



Max O. Cogburn Jr
United States District Judge

4